**Anthony WRIGHT, Petitioner–Appellant,**

v.

**Kenneth QUINN, Respondent–Appellee.**

**No. 07–35909.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2008.

Filed June 20, 2008.

Jeffrey E. Ellis, Esq., Ellis Holmes & Witchley, PLLC, Seattle, WA, for Petitioner–Appellant.

John J. Samson, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: FERGUSON, BRUNETTI, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Anthony Wright, a Washington state prisoner, appeals the denial of his habeas petition by the district court. Because AEDPA governs this case, we may grant relief only if the decision of the Washington Court of Appeals dismissing his Personal Restraint Petition was "contrary to, or involved an unreasonable application of, clearly established federal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). We review the district court's order de novo, *Harris v. Carter,* 515 F.3d 1051, 1054 (9th Cir.2008), and we affirm.

Wright raises three claims for relief. First, he contends that his trial counsel was prejudicially ineffective for failing to seek suppression of the testimony of witness Rana Garrett. Wright contends that the police identified Garrett as a potential witness after listening to a telephone conversation between Wright and David Haynes, Garrett's ex-husband who was then incarcerated. This conversation, he alleges, was recorded in violation of his Fourth Amendment rights, and Garrett's testimony should have been suppressed as a fruit of the illegal recording. Wright has produced no evidence substantiating his contention that the police discovered Garrett after listening to this conversation. Wright's bare allegations do not entitle him to an evidentiary hearing. *See Schriro v. Landrigan,* — U.S. —, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007). Because this claim is wholly unsupported by the record, it can provide no relief for Wright.

Wright next asserts that his trial counsel was ineffective for failing to object to a statement made by the prosecutor during his closing argument regarding the testimony of David Haynes. The prosecutor stated that "[t]he defendant ... told of his involvement in this case to David Haynes." However, Haynes had not testified regarding the substance of conversations he had with Wright about the crime; any such testimony the prosecution hoped to elicit from him was suppressed as the fruit of illegally recorded telephone calls. Wright contends that the prosecutor's statement disclosed to the jury the nature of Haynes's suppressed testimony, and that his trial counsel should have objected and sought a curative instruction.

Under the test set forth in *Strickland v. Washington,* a petitioner alleging ineffective assistance of counsel must first establish that his "counsel's representation fell below an objective standard of reasonableness." 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the petitioner must show that his counsel's deficient performance was prejudicial, such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. A habeas petitioner contending that he or she was prejudiced by a prosecutor's misrepresentations must establish that the statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quotation marks and citation omitted).

The Washington Court of Appeals held that Wright was not prejudiced by his counsel's failure to object, because the

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prosecutor's statement was itself not prejudicial. The state court reasoned that, since two other witnesses testified that Wright had admitted his involvement in the crime to them, the prosecutor's statement would not have added anything of significance. Wright contends that the state court's prejudice analysis is unreasonable because those two witnesses were not credible. We have reviewed the record, and we conclude that the state court could reasonably have determined that the witnesses' credibility was not undermined so severely by cross-examination as to render their accounts of Wright's confessions unbelievable. Having found that the prosecutor's statement did not "infect[ ] the trial with unfairness," the state court could reasonably hold that Wright's trial counsel was not ineffective for failing to object. *Id.* Accordingly, we affirm the district court's dismissal of this claim.

Finally, Wright asserts a claim of cumulative error. He moves for expansion of the Certificate of Appealability for this claim, seeking inclusion of his argument that the testimony of a gang expert was admitted in violation of his due process rights. We deny Wright's motion because this claim is not exhausted. Without the addition of this argument, Wright's cumulative error claim rests solely upon the two meritless claims discussed above. As no error was committed, there is no basis for a finding of cumulative error. *See Boyde v. Brown,* 404 F.3d 1159, 1176 (9th Cir. 2005).

The district court's denial of Wright's habeas petition is **AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.